UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LAKEWOOD, a municipal corporation, and MAYOR OF LAKEWOOD, in her official capacity,<br><br>    Defendant. | Case No. 04-5427 FDB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter is before the Court upon the motion of Defendant to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1). Plaintiff files this action under 42 U.S.C. §1983 and asserts Fifth and Fourteenth Amendment violations, common law trespass, and common law business interference. Having considered the motion, opposition, reply and papers filed herein, the Court for the reasons stated hereunder finds that the motion shall be GRANTED.

I.

Plaintiff is the owner of two billboards that were removed from the recently acquired property of Defendant. According to Plaintiff, by removing the signs off of the land, Defendant engaged in Fifth, and Fourteenth Amendment violations including common law violations of trespass

ORDER - 1

and tortuous interference with business relations. The underlying facts of this matter are not in dispute by the parties. Plaintiff had placed two commercial billboard signs on two separate parcels of private property, pursuant to leases with the private landowners. The billboard signs displayed advertisements of Plaintiff's business associates. Plaintiff had contracts between Plaintiff and third party advertisers related to the billboard displays.

Defendant began the realignment of Gravelly Lake Dr. SW and Steilacoom Boulevard SW within the city limits. The purpose of the project was to reduce traffic congestion, improve traffic safety, allow safe and signalized access to a public middle school, and make improvements to comply with federal requirements for Americans with Disability Act accessibility. Defendant needed to acquire the land upon which Plaintiff's billboards were located in order to complete the project. Accordingly, Defendant successfully obtained through purchase the property of the private landowners.

Upon Defendant's ownership of the property, Plaintiff was instructed to remove the signs. Plaintiff contends that Defendant never provided Plaintiff meaningful opportunity to contest the taking of its property, did not offer to pay just compensation, and did not initiate condemnation proceedings which were required before taking action of removing the signs. Plaintiff filed a motion for a temporary restraining order against Defendant to prevent the sign removal with this Court; however, the motion was denied. Plaintiff's signs were removed shortly thereafter.

Defendant contends this Court does not have subject matter jurisdiction over this action because Plaintiff has failed to exhaust its administrative remedies. Thereby making this action unripe. The Court agrees.

II.

The ripeness doctrine serves the purpose of avoiding premature adjudication of administrative actions. *Kawaoka v. City of Arroyo Grande,* 17 F.3d 1227, 1232 (9th Cir. 1994). The United States Supreme Court has established a two-pronged ripeness test for taking claims. First, the property

ORDER - 2

owner must obtain a final administrative decision regarding the application of the ordinance to its property. Second, the property owner must avail itself of state judicial remedies in an effort to obtain "just compensation." *Williamson County regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 191 (1985).

### III.

Defendant contends that Plaintiff must first seek compensation for the inverse condemnation action through available state procedures. Plaintiff responds that the motion raising this issue is well past due; that *Williamson* requirements do not apply in physical taking cases; and 42 U.S.C. §1983 does not require exhaustion of state remedies. This Court disagrees.

**Timing of Motion to Dismiss**

Defendant brings this motion to dismiss upon the Court's lack of subject matter jurisdiction. Plaintiff notes Defendant's motion comes nine months after the case was filed and after discovery has been well underway. In the interests of fairness and economy, Plaintiff requests the Court to deny the motion and to retain jurisdiction of the pendant claims. Plaintiff further contends that Defendant has stipulated to this Court's jurisdiction after agreeing to a discovery plan.

It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court. *Emrich v. Touch Ross & Co.,* 846 F.2d 1190 (1988); *Dyer v. Greif Bros., Inc.,* 766 F.2d 398, 401 (9th Cir. 1985); Fed. R. Civ. P. 12(h)(3). Accordingly, absent a showing of a federal issue, the objection is timely and appropriately raised. Having no original jurisdiction, this Court declines to exercise supplemental jurisdiction over the state claims of action.

**Inverse Condemnation**

The United States may take property pursuant to its power of eminent domain in one of two ways: it can enter into physical possession of property without authority of a court order; or it can

ORDER - 3

institute condemnation proceedings under various Acts of Congress providing authority for such takings. Under the first method– physical seizure – no condemnation proceedings are instituted, and the property owner is provided a remedy to recover just compensation. This method is commonly known as inverse condemnation. Under the second procedure, the Government may either employ statutes which require it to pay over the judicially determined compensation before it can enter upon the land, or proceed under other statutes which enable it to take immediate possession upon order of court before the amount of just compensation has been ascertained. *Untied States v. Clarke et al.,* 445 U.S. 253 (1980).

**Ripeness Doctrine**

The purpose of the ripeness doctrine is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner,* 387 U.S. 136 (1967). In determining whether a dispute has matured to a point to require judicial adjudication, courts must consider the "fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149. A dispute is not ripe for judicial determination "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300 (1998). "Claims based merely upon "assumed potential invasions' of rights are not enough to warrant judicial intervention." *Arizona v. California,* 283 U.S. 423, 462 (1931).

As discussed supra, the United States Supreme Court has established a two-pronged ripeness test for taking claims. First, the property owner must obtain a final administrative decision regarding the application of the ordinance to its property. Second, the property owner must avail itself of state judicial remedies in an effort to obtain "just compensation." *Williamson County regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 191 (1985).

ORDER - 4

Plaintiff correctly notes that *Kruse* distinguishes regulatory takings from physical takings. Indeed, a property owner's recourse against the physical invasion of a governmental action is different from a property owner who is afforded condemnation proceedings before the taking occurs. Because a physical invasion is itself a final governmental action, the initial ripeness requirement is always satisfied in such cases. See *Azul Pacifico, Inc., v. City of Los Angeles,* 948 F.2d 575, 579 (9th Cir. 1991); *Sinaloa Lake Owners Assoc. v. City of Simi Valley,* 882 F.2d 1389, 1402 (9th Cir. 1989); *Hall v. City of Santa Barbara,* 833 F.2d 1270, 1282 n. 28. (9th Cir. 1986) (Where there has been a physical invasion, the taking occurs at once, and nothing the city can do or say after that point will change that fact). The completion of the first *Williamson* prong however, does not lend itself to the satisfaction of the second. Plaintiff's reliance on *Kruse v. Village of Chagrin Falls,* 74 F.3d 694 (6th Cir. 1996), is misplaced. Landowners in inverse condemnation actions must avail itself of state remedies to obtain its just compensation. *Williamson*, at 195.

When the government condemns property for public use, it provides the landowner a forum for seeking just compensation, as is required by the Constitution. See *First English Evangelical Luthern Church v. County of Los Angeles*, 482 U.S. 304, 316 (1987). The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. *Hudson v. Palmer,* 468 U.S. 517, 532 (1984) (quoting *Williamson* at 194). Even when the government takes property without initiating condemnation proceedings, there is no constitutional violation "unless or until the state fails to provide an adequate post deprivation remedy for the property loss" *Williamson,* at 195 (quoting *Hudson v. Palmer,* 468 U.S. at 532, n.12).

Plaintiff's Fifth and Fourteenth Amendment violation are premature unless or until Plaintiff is deprived its just compensation. If the government has provided an adequate process for obtaining compensation, and if resort to that process yields just compensation, then the property owner has no claim against the Government for a taking. *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1013 (1984). Similarly, if a State provides an adequate procedure for seeking just compensation, the

ORDER - 5

property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied. *Williamson,* at 195.

Plaintiff did not pursue compensation for taking of private property through available state procedures. Unlike the Ohio statutes in *Kruse*, Washington law provides a reasonable, certain, and adequate remedy for Plaintiff to receive just compensation. See *Phillips v. King County* 136 Wn.2d 946, 957 (1998). RCW 8.12 provides an adequate recovery for Plaintiff's just compensation claim. Plaintiff has not shown a state inverse condemnation action would be futile, see *Azul Pacifico, Inc. v. City of Los Angeles,* 948 F.2d 575, 579 (9th Cir. 1991), so the Plaintiff must bring an action in the state court before their takings claim will be ripe for prosecution in the federal arena. See *McKenzie v. City of White Hall,* 112 F.3d 313 (8th Cir. 1997). Accordingly, the action before this Court is unripe.

**Exhaustion Requirement for 42 U.S.C. §1983 Actions**

Exhaustion of state remedies is ordinarily not required for actions brought pursuant to 42 U.S.C. §1983. *Patsy v. Board of Regents,* 457 U.S. 496, 516 (1982). However, the Supreme Court has held that the language of the Fifth Amendment requires property owners to utilize procedures for obtaining just compensation before alleging a taking in a section 1983 action. *Southern Pacific Transportation Co., v. City of Los Angeles,* 922 F.2d 498, 503 (9th Cir. 1990) (quoting *Williamson*, 473 U.S. at 192). Plaintiff has not utilized state procedures for obtaining just compensation. Unless Plaintiff is denied just compensation, there has been no Constitutional violation. Accordingly, Plaintiff's §1983 claim is unripe.

ACCORDINGLY;

IT IS ORDERED:

(1) Defendant's motion to dismiss for lack of subject matter (*dkt. 16*) is GRANTED; and

(2) The Court declines to exercise supplemental jurisdiction over Plaintiff's trespass and tortious interference claims, under 28 U.S.C. §1367(c)

ORDER - 6

 1

 2     DATED this   3rd   day of June, 2005.

 3

 4                                          _____
                                             FRANKLIN D. BURGESS
 5                                           UNITED STATES DISTRICT JUDGE

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 7